IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RODERICK L. ROBINSON,

    Petitioner,

v.                                                          CASE NO. 1:09-cv-113-MMP-AK

WALTER MCNEIL,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

       This habeas matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus. According to the petition, Petitioner was convicted of attempted second-degree murder and sentenced to a term of 40 years imprisonment. Though he does not provide the date of the judgment, Petitioner advises that he appealed and that the conviction was affirmed on August 18, 2006. *See Robinson v. State*, 936 So.2d 568 (Fla. Dist. Ct. App. 2006). On July 26, 2007, Petitioner filed a motion for post-conviction relief. The motion was denied and affirmed on appeal. *Robinson v. State*, 987 So.2d 83 (Fla. Dist. Ct. App. 2008). The date of affirmance was July 25, 2008, and the mandate issued on August 20, 2008. The instant petition was filed on April 19, 2009. *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

       Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the

state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsection (A) is at issue in this case.

Petitioner's conviction became final 90 days after the date it was affirmed on appeal, November 17, 2006. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Between November 17, 2006, and July 26, 2007, the statute of limitations ran unabated for 252 days. Once Petitioner filed his motion for post-conviction relief, however, the statute of limitations stopped running and was tolled during the time the motion was pending. Because Petitioner does not get the 90-day period for seeking certiorari from the denial of post-conviction relief, *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the post-conviction proceedings concluded with the issuance of the post-conviction appeal mandate, August 20, 2008. Thus, the time for filing the instant matter began running again on August 21, 2008, and ran unabated until April 19, 2009, when the instant petition was filed here, which is an additional 242 days. When the two untolled time periods are added, a total of 494 days elapsed, thereby making the instant petition untimely by 129 days.[1]

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with

---

[1] Even if footnote 1 in *Hollingsworth v. Attorney General*, 2009 WL 940286 (11th Cir. Apr. 9, 2009), is correct, the instant petition is still untimely. The analysis would change slightly (date of affirmance plus 90 days is October 23, 2008; between that date and April 19, 2009, 178 days were untolled), but the end result is the same (untolled time periods equal 430 days, and thus, petition is 75 days out of time).

diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __4th__ day of May, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**