IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


RODERICK L. ROBINSON,

    Petitioner,

v.                                              CASE NO. 1:09-cv-00113-MP-AK

WALTER McNEIL,

    Respondent.

_____/

**O R D E R**

       This matter is before the Court on Doc. 3, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner's § 2254 petition for writ of habeas corpus be denied as untimely. The Magistrate issued the Report on May 4, 2009, and Petitioner filed his objection (Doc. 5) on May 20, 2009. For the reasons stated below, this case will be remanded to the Magistrate for further proceedings in accordance with this order.

       Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In this case, the statute of limitations began running on the date Petitioner's state court conviction became final. See 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner advises that his conviction was affirmed on appeal on August 18, 2006; therefore, it became final 90 days later, on November 16, 2006.[1] See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002). The statute of limitations then ran unabated for 253 days, until July 26, 2007, the date Petitioner filed his motion for post-conviction relief, which concluded with the issuance of a post-conviction appeal

---

      [1]The date Petitioner's conviction became final is erroneously stated in the Report as November 17, 2006, 91 days after the date it was affirmed on appeal. See Doc. 3 at 2.

mandate dated August 20, 2008.  Assuming the statute of limitations continued to be tolled during the ninety-day period in which Petitioner could have but did not file a petition for writ of certiorari in the United States Supreme Court, see Hollingsworth v. Attorney General of Florida, --- F.3d ---, 2009 WL 940286 n.1 (11th Cir. 2009), the statute of limitations began running again on November 19, 2008.[2]  The instant petition was filed 149 days later, on April 19, 2009.  Thus, the total time elapsed for purposes of the statute of limitations was 402 days, which is the 253 days following the date Petitioner's conviction became final plus the 149 days following the date the denial of his motion for post-conviction relief became final.  Therefore, the instant petition is untimely.

In his objection, Petitioner claims for the first time that, while he was an inmate at Jackson Correctional Institution, he delivered a petition for writ of habeas corpus on August 26, 2008, to prison officials for mailing.  Doc. 5 at 4.  Petitioner claims that, despite several attempts to determine whether his petition had been delivered to the Court, he received no response.  Nearly eight months later, Petitioner filed the instant petition.  Had Petitioner filed his petition for writ of habeas corpus on August 26, 2008, instead of April 19, 2009, the petition would have been timely.  Petitioner argues that, due to the prison officials' "misconduct or negligence" in failing to mail his petition, a purported copy of which he has attached to his objection, the time for filing a petition should be equitably tolled, and the instant petition should be accepted as timely.  Because the Magistrate has not had an opportunity to address this new claim, and

---

[2]The 90-day period is erroneously calculated in the Report as having ended on October 23, 2008, which is 64 days after the August 20, 2008, mandate.  See Doc. 3 at 2.

because the Magistrate's analysis will aid the Court in resolution of this case, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is REJECTED, and this case is REMANDED to the Magistrate for a determination of whether, in light of the claim in Petitioner's objection, the time for filing the petition should be equitably tolled due to "extraordinary circumstances that [were] both beyond his control and unavoidable even with due diligence." Sandvik v. United States, 177 F.3d 1263, 1271 (11th Cir. 1999).

2. The Court notes that Petitioner has filed a motion to proceed *in forma pauperis*, which has been mislabeled on the docket as a motion for leave to appeal *in forma pauperis*. The Clerk is directed to correct the motion's label.

**DONE AND ORDERED** this   *22nd* day of May, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge