IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RODERICK L. ROBINSON,

    Petitioner,

v.                                                      CASE NO. 1:09-cv-00113-MP-AK

WALTER McNEIL,

    Respondent.

_____/

## **O R D E R**

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The petition stems from Petitioner's Leon County convictions of several offenses, including attempted second degree murder, for which he is serving a 40-year sentence. The petition was signed on April 19, 2009, and filed with the Court on May 1, 2009. By prior orders, the Court determined that the petition was untimely. Docs. 3, 6, 8.[1] Petitioner conceded as much with regard to Doc. 1, but in his objections to the Magistrate Judge's recommendation that the petition be dismissed as untimely, Petitioner argued that he had previously provided prison officials with a timely habeas petition for mailing to the Court on August 26, 2008, and that petition had never been filed. Doc. 5. Petitioner furnished the following documents in support of his claim: a copy of an unfiled habeas corpus petition dated August 26, 2008 (Doc.

---

[1] In finding that 431 days of untolled time had elapsed from the time Petitioner's conviction became final until the filing of this case, the Court assumed that 90 days of the federal filing period was tolled during the time Petitioner could have sought certiorari in the U.S. Supreme Court following the denial of postconviction relief. *See* Docs. 6, 8. However, Petitioner is not entitled to that additional 90 days of tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Accordingly, 521 days of untolled time elapsed from the date Petitioner's conviction became final until the instant petition was filed.

5); copies of three letters allegedly sent to the Clerk of the Court on September 2, 2008, September 29, 2008, and October 10, 2008, inquiring about the status of the petition (Doc. 16); and Petitioner's own declaration under oath that he delivered a habeas corpus petition to prison authorities in August 2008 (Doc. 16).

In light of Petitioner's claims, the Court directed the Respondent to respond to the Petition, and Respondent has filed a motion to dismiss the petition as time-barred. Doc. 25. Respondent also asserts that Petitioner is not entitled to equitable tolling of the limitations period. *Id*. In response, Petitioner contends that equitable tolling is not an issue in this case because, pursuant to the prison "mailbox rule," he filed a timely petition in August 2008, notwithstanding that it was never received by the Court. Doc. 30.

## Mailbox Rule

Rule 3(d), Rules Governing Habeas Corpus Cases Under § 2254, sets for the "mailbox rule" for filing of state prisoners' federal habeas cases:

> **Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, **either of which must set forth the date of deposit and state that first-class postage has been prepaid.**

(Emphasis added).[2] This rule is the same as that articulated in *Houston v. Lack*, 487 U.S. 266 (1988), and codified as Fed. R. App. P. 4(c). *See Allen v. Culliver*, 471 F.3rd 1196, 1198 (11th Cir. 2006). The burden is on the prisoner to prove that his pleading was timely delivered to

---

[2]It is undisputed that the institution where Petitioner was confined in August 2008 did not have a system for outgoing legal mail.

prison officials for filing, and compliance with the requirements of the mailbox rule satisfies that burden. *See Allen*, 471 F.3d 1198-99; *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Once satisfied, the burden shifts to the State on the issue whether a petitioner in fact timely delivered a pleading to prison authorities for filing. *Allen*, 471 F.3rd at 1198-99. The mailbox rule has been applied to find that a pleading was timely filed even when it was never received by the court. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).

The primary flaw in Petitioner's claim is that he has failed to comply with the requirements of the mailbox rule in his filings in this case and in the August 2008 petition that he alleges he timely filed. The instant petition, Doc. 1, contains no declaration pursuant to the mailbox rule, setting forth the date of deposit with prison authorities and a statement that first-class postage was prepaid. *See* Doc. 1 at 13. There is an ink stamp on the petition, presumably placed there by the institution, showing that it was provided to the institution for mailing on April 19, 2009, which Petitioner concedes is beyond the federal habeas limitations period. The instant petition makes no mention whatsoever of Petitioner having filed any earlier petition. Thus, insofar as the instant petition is concerned, there is nothing on the face of the document that allows the Court to find that it was timely filed under the mailbox rule. *See* Doc. 1.

The August 2008 petition which Petitioner offers in support of his claim to the benefit of the mailbox rule contains a declaration that it was "placed in the prison mailing system on August 26, 2008," but is silent as to whether first-class postage was prepaid. *See* Doc. 5. In response to the Court's order to submit evidence that he did in fact submit the August 2008 petition for filing, Petitioner provided a declaration under penalty of perjury stating that he had his petition "drawn up, typed, copied, and delivered to proper prison authorities to be sent to the courts," but that declaration is also silent as to whether first-class postage was prepaid. *See* Doc.

16.[3]

The mailbox rule's required statement regarding prepayment of postage is not a mere technicality. The mailbox rule "requires the declaration to state only two things; 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). Respect for the text of the mailbox rule "means that prisoners must use that opportunity in the way the rule specifies." *Id.*; *see also Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007) (prisoner's declaration that institution had committed to paying postage did not satisfy mailbox rule where institution was not, in fact, obligated to pay the postage at the time of deposit); *United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (denying *pro se* prisoner benefit of mailbox rule because prisoner's declaration of timely filing did not state that first class postage had been prepaid).[4]

In accordance with the foregoing authority, Petitioner's failure to provide a declaration in compliance with Habeas Rule 3(d) means that he is not entitled to any presumption that his August 2008 petition was timely filed pursuant to the mailbox rule. Since the Court cannot find that the August 2008 petition was timely filed by application of the mailbox rule, it is appropriate to consider "any and all relevant circumstances, including any lack of diligence . . . in following up in a manner that would be expected of a reasonable person in [Petitioner's]

---

[3]The Court also notes that contrary to Petitioner's declaration the August 2008 petition is not typewritten; it is a standard habeas form filled in by hand. *See* Doc. 5.

[4]There is also nothing in the August 2008 petition that would support a finding that it was actually addressed to this Court. The petition is styled in the Middle District of Florida. Doc. 5. A petitioner's failure to properly address mail to the court may deprive him of the benefit of the mailbox rule. *See, e.g., Morales-Rivera v. United States*, 184 F.3rd 109, 111 n.4 (1st Cir. 1999).

circumstances, in deciding whether," the petition was actually delivered to prison authorities for timely filing. *Allen*, 471 F.3d at 1198.

In this case, the relevant circumstances weigh heavily in favor of a finding that the August 2008 petition was not delivered to prison authorities for mailing to the Court. Petitioner has provided copies of three letters that he allegedly sent to the Clerk inquiring about the status of his petition, but the letters do not bear any address; indeed they do not even indicate to which court they are directed. They are simply directed to "the Clerk". Petitioner failed to include any copies of the envelopes, and thus there is nothing from which the Court could conclude that any letters to the Clerk of this Court were properly addressed or stamped. A reasonably diligent person would have documented his efforts to communicate with the Court after a habeas petition and letters of inquiry failed to generate any response or acknowledgment of receipt.

Further, the last of these alleged letters to the Clerk is dated October 10, 2008. Doc. 16. Based on the Court's previous calculations, Petitioner had approximately 112 days of untolled time left when the August 20, 2008, mandate issued on the state appellate court's affirmance of the denial of postconviction relief.[5] Accordingly, to be timely Petitioner's federal habeas petition should have been filed by December 10, 2008. Thus, on the date of Petitioner's last alleged communication to the Clerk, he had two months left within which to file a timely federal petition. Petitioner does not allege that he took any steps during those two months to simply re-file his August 2008 petition by delivering it to prison authorities in accordance with the mailbox rule. A reasonably diligent person in Petitioner's circumstances, having received no

---

[5]*See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (concluding that, in Florida, postconviction motions remain pending for purposes of § 2244(d)(2) until issuance of the mandate by the appellate court).

*Case No: 1:09-cv-00113-MP-AK*

acknowledgment that his petition had been filed with the Court, would have pursued the matter, particularly while a significant amount of time remained within which to filed a timely petition.

Lastly, in filing the instant case Petitioner never alerted the Court to the existence of any prior, timely, petition until May 20, 2009, when he filed his objections to the Magistrate Judge's recommendation. *See* Doc. 5. A reasonably diligent petitioner, filing a facially time-barred habeas corpus petition, would have advised the Court upon filing the petition that a previous, timely, petition had been filed but that receipt had not been acknowledged by the Court.

For these reasons, the facts and circumstances of this case, including the lack of any objective evidence showing that a petition or letters were properly addressed and mailed to the Clerk of this Court, Petitioner's failure to attempt to re-file his petition while sufficient time remained to do so, and Petitioner's lack of diligence in apprising the Court of the existence of an alleged prior petition, support a finding that no petition was actually delivered to prison authorities for mailing in August 2008. *See Allen*, 471 F.3d at 1198.

## **Equitable Tolling**

Although Petitioner states that equitable tolling is not an issue in this case, in view of Petitioner's *pro se* status a brief discussion is warranted. Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y for Dept. of Corr.*, 362 F.3d 698, 700 (11th Cir. 2004) (quoting *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted). This means that the Petitioner must show that the untimeliness of his petition was "*both* beyond his control and unavoidable even with due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added). For the reasons set forth above, Petitioner has failed to show that the untimeliness of his Petition was

both beyond his control and unavoidable even with due diligence.

### Denial of Certificate of Appealability (COA)

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84, (2000) (explaining how to satisfy this showing). Therefore, Petitioner is not entitled to a COA.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Respondent's Motion to Dismiss, Doc. 25, is **GRANTED**, and the Petition is **DISMISSED** as time-barred.

2. A Certificate of Appealability is **DENIED.**

**DONE AND ORDERED** this   *25th*  day of June, 2010

                              *s/Maurice M. Paul*
                       Maurice M. Paul, Senior District Judge